**Richard THORNTON, Plaintiff–Appellant,**

**v.**

**Edward D. MILES; Hans W. Becherer; Robert W. Lane; Eugene L. Schotanus; J. Michael Sullivan; Ronald W. Brass; John Doe; Jane Doe, Defendants–Appellees.**

No. 02–6412.

United States Court of Appeals, Sixth Circuit.

June 12, 2003.

Before KEITH, BATCHELDER, and CLAY, Circuit Judges.

*ORDER*

Richard Thornton appeals a district court judgment that dismissed his products liability action filed under the district court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332(a)(1). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Thornton filed his complaint in the district court alleging that he was injured in 1997 due to a defect in a John Deere skidder machine he bought that same year. Plaintiff named as defendants officers of the John Deere Company, a Delaware corporation, and officers of the Tennessee company that sold him the equipment. The case, initially assigned to Judge Charles R. Simpson III, was reassigned to Judge John G. Heyburn II because Judge Heyburn was presiding over another action brought by plaintiff regarding his injuries. Judge Simpson denied plaintiff's subsequent motion to vacate the reassignment order. After the defendants moved to dismiss plaintiff's complaint, plaintiff moved the district court to disqualify defendants' attorneys. The district court denied plaintiff's motion to disqualify defense counsel, granted defendants' motions, and dismissed plaintiff's complaint. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that Judge Heyburn: (1) should not have adjudicated this case; (2) did not read his complaint in the light most favorable to him; (3) improperly applied Kentucky law; and (4) should have disqualified defense counsel. Defendants respond that the district court's judgment was proper. Upon consideration, we will affirm the district court's judgment because plaintiff's complaint is barred under the applicable statute of limitations.

A brief recitation of the undisputed facts is helpful. Plaintiff was seriously injured while using a John Deere log skidder machine on October 28, 1997. Plaintiff filed a

timely products liability action in the district court against the John Deere Company and the retailer who sold the machine to plaintiff, LMI Tennessee, Inc. That action is still pending in the district court. In 2002, plaintiff twice moved the district court for leave to amend his complaint in that action, seeking to add the defendants plaintiff subsequently named in the instant action. Defendants successfully opposed plaintiff's motions for leave to amend his complaint based on a statute of limitations defense. Plaintiff then filed his complaint in this case on June 17, 2002.

Generally, this court reviews a district court judgment granting a motion to dismiss based on a statute of limitations de novo. *See Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 938 (6th Cir.1999). The denial of a motion to recuse is reviewed only for an abuse of discretion. *United States v. Hartsel*, 199 F.3d 812, 815 (6th Cir.1999). Similarly, this court reviews a district court order denying a motion to disqualify counsel only for an abuse of discretion. *See In re Dresser Indus., Inc.*, 972 F.2d 540, 546 (5th Cir.1992); *LaSalle Nat'l Bank v. Lake County*, 703 F.2d 252, 257 (7th Cir.1983).

The district court correctly concluded that the one-year statute of limitations, Ky.Rev.Stat. § 413.140(1)(a), applies to plaintiff's complaint. *See Michals v. Baxter Healthcare Corp.*, 289 F.3d 402, 406 (6th Cir.), *cert. denied*, —— U.S. ——, 123 S.Ct. 346, 154 L.Ed.2d 252 (2002). Plaintiff's injury occurred on October 28, 1997, but plaintiff did not file his complaint in this case until June 17, 2002. Although plaintiff's pro se complaint contains conclusory allegations that some defendants acted fraudulently, no basis for tolling the limitations period for fraudulent concealment exists in this case. Plaintiff's assertions on appeal that the limitations period was tolled because of mental disability due to his injury and pain medication were not

asserted in the district court and should not be considered in the first instance on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 261 (6th Cir.1996). Moreover, it is noted that plaintiff alleges no factual basis for his assertions in any event. Similarly, plaintiff's assertions on appeal that defendants fraudulently concealed information in this case were not asserted in the district court, and lack factual basis in any event. Under these circumstances, the district court properly dismissed plaintiff's complaint as barred under the applicable statute of limitations. This court need not reach the district court's conclusion that plaintiff's complaint is barred under the doctrine of res judicata.

Finally, the district court did not abuse its discretion in denying plaintiff's motions to vacate the order transferring this case to Judge Heyburn and to disqualify defense counsel. Again in the first instance on appeal, plaintiff contends that Judge Heyburn formerly practiced law in a firm that represented the John Deere Company, and that Judge Heyburn socializes with defense counsel. In the district court, plaintiff made only conclusory assertions that Judge Heyburn is biased against him. However, plaintiff does not cite any improper antagonism that could constitute grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Nor has plaintiff cited anything that might constitute grounds for disqualification of defense counsel in this case. Accordingly, the district court did not abuse its discretion in denying plaintiff's motions.

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.